ADAMS v. NASSAU ELECTRIC R. CO.

(Supreme Court, Appellate Division, Second Department. May 29, 1900.)

STREET RAILROADS—INJURY TO CHILD—NEGLIGENCE—QUESTION FOR JURY.
Plaintiff, a boy about 5 years old, started to run across a street in front of a rapidly approaching electric car about 100 feet distant. Just before he was struck by the fender the car was running at the rate of 14 miles an hour, or about 8 miles faster than the usual speed in that locality, and when he stepped on the track the car was about 10 or 12 feet away. Held, that the evidence was sufficient to go to the jury on the question whether defendant's negligence caused the injury.

Appeal from trial term, Kings county.

Action by Joseph Adams, an infant, by Louis Adams, his guardian ad litem, against the Nassau Electric Railroad Company. From a judgment dismissing the complaint on the merits, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

S. S. Whitehouse, for appellant.

Henry Yonge, for respondent.

WILLARD BARTLETT, J. This case has been twice tried. The first trial resulted in a judgment in favor of the plaintiff, which was reversed on appeal upon the ground that the evidence did not establish the negligence of the defendant. Adams v. Railroad Co., 41 App. Div. 334, 58 N. Y. Supp. 543. The learned judge who presided at the second trial dismissed the complaint at the close of the evidence on both sides, because in his opinion the case had not been materially changed from what it was upon the former appeal. In this view we are unable to concur. Upon several points which were emphasized by Mr. Justice Hatch as reasons for reversing the former judgment, the proof upon the second trial differed radically from that given upon the first. This is true in respect to the speed of the car at the time of the accident, the position of the plaintiff when struck, and the distance of the car when the plaintiff started to cross the street. Mr. Justice Hatch said in his opinion that the fair preponderance of all the testimony on the first trial was to the effect that the car was proceeding at the rate of about 6 miles an hour, which was the usual rate in the locality where the accident occurred. On the trial now under review the conductor and a passenger, who were not called as witnesses upon the first trial, testified that just before the accident the car was going at the rate of about 14 to 15 miles an hour. This evidence sufficed to make a question for the jury as to the rate of speed. Mr. Justice Hatch dealt with the case upon the assumption that the plaintiff ran into the car rather than the car into the plaintiff, and he spoke of it as a fact that the child did not reach the track until some part of the car had passed him. Upon this appeal, however, the case cannot be disposed of on the same assumption; for the plaintiff's father testified on the second trial that the child stepped upon the track on which the car was approaching him when the car was about 10 or 12 feet away, and that the front of the fender struck the child. The third important point of difference between the proof on the first trial and the proof on the second trial relates to the position of the car when the plaintiff started to cross the street. A witness who was not called upon the first trial testified that when he saw the boy start to cross Central avenue the defendant's car was on Eldred street. According to the map, this would be at least 100 feet from the boy. The same witness said that the boy was running across. Under these circumstances, where a boy less than 5 years old started to run across the street in front of a rapidly moving electric car 100 feet distant, it might well be that prudence on the part of the motorman would require him to act upon the assumption that the child was going to attempt to cross the street in advance of his car, and might demand that he should regulate its speed so as to avoid a collision. Upon the evidence in the record now before us, this was a question of fact for the jury. In behalf of the defendant, it is earnestly argued that the father of the plaintiff has changed his testimony since the first trial, and that the new wit-

nesses are shown to be unworthy of belief by reason of the statements made by them out of court in conflict with their subsequent testimony. We cannot hold, however, that their evidence should be discredited as matter of law. It should be submitted to the jury, with proper instructions as to the rules by which they should be guided in endeavoring to arrive at the truth. For the foregoing reasons, we are compelled to direct a reversal of the judgment.

Judgment reversed, and new trial granted, costs to abide the event. All concur.